UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| TARRAN WILLIAMS, | ) |
|     Plaintiff, | )    No. 1:21-CV-02495 |
| v. | )    Judge Edmond E. Chang |
| STATE OF ILLINOIS, OFFICE OF GOVERNOR JB PRITZKER, *et al.*, | ) |
|     Defendants. | ) |

**MEMORANDUM OPINION AND ORDER**

Tarran Williams filed this suit against the State of Illinois and the Office of Governor JB Pritzker (for convenience's sake, referred to collectively as Illinois or the State) alleging employment discrimination under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq*.; the Age Discrimination in Employment Act (ADEA), 29 U.S.C. § 623; the Equal Pay Act, 29 U.S.C. § 206(d); and 42 U.S.C. § 1983 for violations of her Fourteenth and First Amendment rights.[1] R. 1, Compl. Specifically, Williams alleges that her supervisors in the Office of the Governor intentionally discriminated against Williams by delegating her job responsibilities to Williams' peers who are under the age of 40. *Id.* These peers, in turn, have received promotions and raises over Williams. *Id.* at 2. Illinois now moves to dismiss Williams' complaint on the grounds that Williams failed to exhaust administrative remedies as to the Title VII and age claim; Williams pleaded facts that both men and women have received

---

[1]The Court has subject matter jurisdiction over this case under 28 U.S.C. § 1331. Citations to the record are "R." followed by the docket entry number and, if needed, a page or paragraph number.

promotions over Williams, thus undermining the Equal Pay Act claim; and that the State is not suable under Section 1983. R. 13, Defs.' Mot. As explained in this Opinion, Illinois is right that the Title VII and age claims are not exhausted; the Equal Pay Act allegations fail to adequately state a claim; and the State cannot be sued under § 1983. The discrimination claims are dismissed without prejudice, and the Section 1983 claim is dismissed with prejudice.

## I. Background

For purposes of the motion to dismiss, the Court accepts as true the allegations in the Complaint. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). Even though she now has recruited counsel, Williams filed the operative complaint as a *pro se* litigant, so the Complaint will be expansively construed and held to a less stringent pleading standard. *Id.*

Although not crystal clear, it appears that Williams was a Special Assistant to the General Counsel under former Governor Bruce Rauner. Compl. at 2, 3. Williams alleges that, after the transition in administrations, Ann Spillane (the new General Counsel) and Jasmine Hooks (the Chief Operating Officer) did not provide Williams with a job description or a performance appraisal. *Id.* at 2. The two supervisors apparently deemed Williams ineligible for promotions. *Id.* Williams also asserts that she never received credit or recognition on the job so that her achievements would not be rewarded. *Id.* at 5–6, 11. To that same end, Williams alleges that Spillane "and

2

others" reassigned Williams' responsibilities. *Id*. at 2. Meanwhile, her coworkers,[2] both men and women, received performance reviews and promotions within months of their arrival. *Id*. at 3, 8, 9. Williams asserts that she tried to complain about the ongoing treatment, but initially received only silence from her supervisors. Compl. at 3–4. As Williams complained more, her supervisors and peers excluded her from various work projects and verbally abused Williams. *Id*. at 5–6, 10, 11.

In May 2021, Williams filed this *pro se* lawsuit, claiming that she was the victim of employment discrimination. Compl. at 1. Williams appears to claim that she was the target of discrimination on the basis of her sex, age, and political affiliation with the former governor.[3] *Id*. at 1, 2. Illinois moved to dismiss Williams' complaint for failure to state a claim, and the Court recruited counsel for Williams. R. 34, Pl.'s Resp.

## II. Standard of Review

Under Federal Rule of Civil Procedure 8(a)(2), a complaint generally need only include "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). This short and plain statement must "give the defendant fair notice of what the claim is and the grounds upon which it rests." *Bell Atl.*

---

[2] Williams accuses Juliet Berger White, Danielle Perry, Toi Hutchinson, and Anna Crane of perpetuating falsehoods about Williams' character, ability, performance, and skills. Compl. at 3. These individuals and their respective job positions are not further identified in the Complaint.

[3] On the first page of the Complaint, Williams also made a passing reference to her race. Compl. at 1. But she did not otherwise racial discrimination under Title VII, Pl.'s Resp. at 1, so any claim on that basis has been constructively dropped. *See Boogard v. National Hockey League*, 891 F.3d 289, 295 (7th Cir. 2018) ("[A] district court may hold a claim forfeited if a plaintiff fails to respond to the substance of the defendant's motion to dismiss.").

*Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (alteration in original) (cleaned up)[4]. The Seventh Circuit has explained that this rule "reflects a liberal notice pleading regime, which is intended to 'focus litigation on the merits of a claim' rather than on technicalities that might keep plaintiffs out of court." *Brooks v. Ross*, 578 F.3d 574, 580 (7th Cir. 2009) (quoting *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 514 (2002)).

"A motion under Rule 12(b)(6) challenges the sufficiency of the complaint to state a claim upon which relief may be granted." *Hallinan v. Fraternal Order of Police of Chi. Lodge No. 7*, 570 F.3d 811, 820 (7th Cir. 2009). "[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570). These allegations "must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555. The allegations that are entitled to the assumption of truth are those that are factual, rather than mere legal conclusions. *Iqbal*, 556 U.S. at 678–79.

### III. Analysis

#### A. Title VII & ADEA

Williams alleges that Illinois engaged in sex and age discrimination, invoking Title VII and the Age Discrimination in Employment Act. Pl.'s Resp. at 1. Title VII bars employment discrimination on the basis of sex (as well as on other grounds), and the ADEA bars employment discrimination on the basis of age for individuals over 40

---

[4]This opinion uses (cleaned up) to indicate that internal quotation marks, alterations, and citations have been omitted from quotations. *See* Jack Metzler, *Cleaning Up Quotations*, 18 Journal of Appellate Practice and Process 143 (2017).

4

years of age. 42 U.S.C. § 2000e-2; § 623(a); 29 U.S.C. § 631. Both Title VII and the ADEA require that claimants exhaust all administrative remedies for employment discrimination by filing with the Equal Employment Opportunity Commission (well known as the EEOC) or the equivalent state agency before bringing suit in federal court. 42 U.S.C. § 2000e-5; 29 U.S.C. § 626(d).

Illinois moved to dismiss for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6), arguing that Williams failed to exhaust her administrative remedies before bringing suit. Defs.' Mot. at 3. But the failure to exhaust administrative remedies is an affirmative defense—not a failure on the merits. *See Salas v. Wisconsin Dep't of Corr.*, 493 F.3d 913, 922 (7th Cir. 2007). And affirmative defenses are, generally speaking, a poor fit for consideration under Rule 12(b)(6) for two reasons. First, "a plaintiff may state a claim even though there is a defense to that claim." *Brownmark Films, LLC v. Comedy Partners*, 682 F.3d 687, 690 (7th Cir. 2012). Second, affirmative defenses typically require consideration of facts not available to the court at the pleading stage. *Id.*

Having said that, a court may nonetheless construe a Rule 12(b)(6) motion as a Rule 12(c) motion for judgment on the pleadings when presented at the outset of a case and when presented with all the facts needed to decide the affirmative defense. *Brownmark Films*, 682 F.3d at 690; *see Gunn v. Cont'l Cas. Co.*, 968 F.3d 802, 807 (7th Cir. 2020). The key is whether discovery or other factual development is needed; if yes, then the affirmative defense must await presentation via a summary judgment. If not, then the court may proceed under Rule 12(c), and the defendants bear the

5

burden of showing that the affirmative defense would "conclusively defeat[ ] [the claim] as a matter of law." *Gunn*, 968 F.3d at 807. And on a Rule 12(c) motion, as on a Rule 12(b)(6) motion, the facts are construed in the light most favorable to the non-movant. *Thomason v. Nachtrieb*, 888 F.2d 1202, 1204 (7th Cir. 1989).

Neither Williams nor Illinois contend that discovery is needed to resolve the exhaustion defense at this stage of the case, so the Court will treat the dismissal motion as a Rule 12(c) motion for judgment on the pleadings. The Court must view the facts in the light most favorable to Williams and ask whether the defense has shown that her claim is "conclusively defeated" by a failure to exhaust administrative remedies. *Gunn*, 968 F.3d at 807.

Exhaustion does defeat the Title VII and ADEA claims here. Williams failed to file an EEOC charge before bringing suit in federal court. Employees must first file a charge of discrimination with the EEOC to bring a claim under the ADEA in federal court. 29 U.S.C. § 626(d); *Trujillo v. Rockledge Furniture LLC*, 926 F.3d 395, 400 (7th Cir. 2019) ("An ADEA claimant must first file a charge of discrimination with the EEOC and then wait sixty days before bringing an action in federal court."); *Hamilton v. Komatsu Dresser Industries, Inc.*, 964 F.2d 600, 603 (7th Cir. 1992) ("Timely filing a charge of age discrimination with the EEOC is a prerequisite to maintaining an action under the ADEA."). Likewise, under Title VII, employees must first exhaust their administrative remedies by filing their complaint with the EEOC and receiving a right to sue letter. *Chaidez v. Ford Motor Co.*, 937 F.3d 998, 1003–04 (7th Cir. 2019).

6

Williams does not actually contend that that she filed an EEOC charge for sex and age discrimination, nor is there anything in the record suggesting that she did. Williams nonetheless argues that, because not all aspects of the Complaint are subject to the administrative-exhaustion requirement, all of Williams' claims should survive a motion to dismiss. Pl.'s Mot. at 2. But Williams does not identify any support—whether statutory, regulatory, or case precedent—for that kind of exception to the exhaustion requirement. *Id.* Indeed, Rule 12(c) motions are rightfully deployed to assess a plaintiff's claims on a claim-by-claim basis. *See BBL, Inc. v. City of Angola*, 809 F.3d 317, 325 (7th Cir. 2015) (holding that the standard of review for a Rule 12(c) motion is the same as a motion to dismiss for failure to state a *claim* under Rule 12(b)(6)); *see, e.g., Lyons v. Equifax Info. Servs., LLC*, 455 F. Supp. 3d 746, 748 (N.D. Ill. 2020). Even if Williams' other claims under the Equal Pay Act and Section 1983 are not conclusively defeated by the exhaustion defense, the Title VII and ADEA claims are. Williams' claims under Title VII and the ADEA are dismissed. The dismissal is, formally speaking, without prejudice because it is not a merits determination.[5]

### B. Equal Pay Act

Williams next alleges that Illinois violated the Equal Pay Act by promoting other employees over Williams. Compl. at 1, 9. But Williams does not allege any facts to support this contention. She does allege, however, that both men and women coworkers were promoted over her. Compl. at 8, 9. To state a claim under the Equal

---

[5]If Williams by chance did file a charge with the EEOC before bringing this suit, then she must promptly move for reconsideration.

Pay Act, the plaintiff must allege that (1) different wages are paid to employees of another gender; (2) that the employees of the other gender do equal work that requires equal skill, effort, and responsibility; and (3) that the employees have comparable working conditions. *Markel v. Bd. Of Regents of the Univ. of Wis. Sys.*, 276 F.3d 906, 912–13 (7th Cir. 2002). Illinois moves to dismiss for failure to state a claim because Williams "pleaded herself out of court" by alleging facts that fatally undermine the Equal Pay Act claim, namely, that women also were promoted over Williams. Defs.' Mot. at 4. The State is correct: Williams has pleaded herself out of court (at least for this first complaint), so this version of the Equal Pay Act claim must be dismissed.

The Court begins by analyzing the pleading standard for employment discrimination claims. A heightened pleading standard is *not* applied to employment discrimination cases (or, for that matter, to any other claims that fall outside Rule 9(b) or outside of statutes that require heightened pleading). *Iqbal* instructs that "[d]etermining whether a complaint states a plausible claim for relief will ... be a context-specific task ...." *Iqbal,* 556 U.S. at 679. The Seventh Circuit has drawn a context-dependent distinction between relatively straightforward employment discrimination claim versus more complex claims. *Swanson v. Citibank,* 614 F.3d 400, 404–05 (7th Cir. 2010). A plaintiff can allege employment discrimination by pleading that a promotion was offered at the company with which she was employed, and that the promotion went to someone else even though the plaintiff was qualified for it. *Id.* A more complex case, such as a tax fraud that the parties tried hard to conceal, will

8

require more detail to give the opposing party notice of what the case is about and to show how "the dots should be connected." *Id.* at 405. In this case, Williams is trying to allege a relatively straightforward claim for employment discrimination.

But even with the straightforward claim at issue, a plaintiff cannot get past the pleading stage if the complaint itself pleads facts that contradict the facts needed for a viable theory of liability. *See Tamayo v. Blagojevich*, 526 F.3d 1074, 1086 (7th Cir. 2008) ("A party may plead itself out of court by pleading facts that establish an impenetrable defense to its claims …. [and] when it would be necessary to contradict the complaint in order to prevail on the merits."). It is true that parties are allowed to plead inconsistent facts for multiple legal *theories* of relief that are inconsistent or alternative in nature. Fed. R. Civ. P. 8(d)(2)-(3).

Here, however, Williams pleads that Illinois has promoted and given raises to both men *and women*. Compl. at 8, 9. She alleged that fact in specific support of the ADEA claim, but it defeats her claim under the Equal Pay Act, for which a plaintiff must allege "that different wages are paid to employees of the opposite sex …."*Markel*, 276 F.3d at 912–13. Williams has pleaded a fact that prevents her from prevailing on the Equal Pay Act claim.[6]

Williams argues that, because Illinois is "able to comprehend and defend" against the claim, the Equal Pay Act claim should survive a Rule 12(b)(6) motion to dismiss. Pl.'s Mot. at 2. Although it is true that Illinois has notice of Williams' claim,

---

[6]Williams also failed to plead any facts that suggest that a male counterpart received different wages for work of equal skill, effort, and responsibility under similar working conditions.

mere comprehension is not the standard of review for a motion to dismiss. "[A] complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is *plausible* on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (emphasis added) (cleaned up). Because the Equal Pay Act requires an allegation that different wages are paid to employees of another sex for equal work, the allegation that other women were promoted—and the absence of an allegation that men were paid more for equal work—defeats the Equal Pay Act claim. Having said that, because the operative pleading is Williams' first complaint (a *pro se* one at that), the dismissal is without prejudice. If Williams has a reasonable basis in law and fact to do so, then she may file an amended complaint with an Equal Pay Act claim by April 20, 2022.

### C. Section 1983

Finally, Williams brings a claim against Illinois under 42 U.S.C. § 1983. Pl.'s Resp. Section 1983 serves as a procedural vehicle for lawsuits "vindicating federal rights elsewhere conferred." *Graham v. Connor*, 490 U.S. 386, 393–94 (1989) (cleaned up). To state a Section 1983 claim, a plaintiff must allege that they were "deprived of a right secured by the Constitution or federal law, by a person acting under color of law." *Thurman v. Vill. of Homewood*, 446 F.3d 682, 687 (7th Cir. 2006). Williams relies on Section 1983, and alleges that Illinois, and the Illinois Governor acting under the "color of authority," violated Williams' rights under the First Amendment and the Equal Protection Clause. Compl. at 2; Pl.'s Mot. at 2. Illinois moves to dismiss. Defs'. Mot. at 4–5. Illinois argues that the state and its officials are not "persons"

within the context of Section 1983, and that Illinois is entitled to sovereign immunity under the Eleventh Amendment, barring actions against Illinois in federal court for money damages. *Id.* Illinois is right.

Williams names the State of Illinois and Governor Pritzker in his official capacity as defendants. Compl. Williams rightly concedes that States are not "persons" under Section 1983. Pl.'s Mot. at 2. And suing the Governor in his official capacity is the equivalent of suing the State, so an official-capacity suit against a state official sill fails to name a suable "person[ ]" under Section 1983. *Will v. Dep't of State Police*, 491 U.S. 58, 71 (1989). The Section 1983 claims are dismissed, and the dismissal is with prejudice because neither the State of Illinois nor the Governor acting in his official capacity can possibly be sued for money damages under Section 1983.

## IV. Conclusion

For the reasons explained in this Opinion, the Title VII and ADEA claims are dismissed without prejudice for lack of exhaustion; the Equal Pay Act claim is dismissed, though without prejudice for now; and the Section 1983 claim against the State is dismissed with prejudice. If Williams has a reasonable basis in law and fact to do so, then she may file an amended complaint with an Equal Pay Act claim (as well as any other viable claim) by April 20, 2022. If no amended complaint is filed by the deadline, the final judgment shall be entered. The tracking status hearing of

11

April 8, 2022, is reset to April 29, 2022, at 8:30 a.m., but to track the case only (no appearance is required).

ENTERED:

s/Edmond E. Chang
Honorable Edmond E. Chang
United States District Judge

DATE: March 30, 2022